C. J. TOERRING COMPANY *vs.* R. E. MOORE COMPANY.

*Corporation Plaintiff—Affidavit of Demand—Judgment Refused—*
*Fact of Corporation and State of Creation; Must ap-*
*pear in Title of Suit or in affidavit.*

1.  When it does not appear from the title of the suit that the plaintiff is a corporation, judgment will be refused notwithstanding the treasurer of the plaintiff in the affidavit of demand, deposes and says "that he is treasurer of the corporation, the plaintiff above named," because the State or country creating such corporation must appear on the record, or in the affidavit of demand.

2.  Judgment will not be granted to a plaintiff corporation, at the first term of Court, upon an affidavit of demand, unless the fact that the plaintiff is a corporation and the place of its creation appears, either in the title of the suit or in the affidavit of demand made by the person authorized to make the affidavit.

(*March* 16, 1910.)

Judges BOYCE and HASTINGS sitting.

*Christopher L. Ward* for plaintiff.

*Reuben Satterthwaite, Jr.,* for defendant.

Superior Court, New Castle County, March Term, 1910.

ACTION OF ASSUMPSIT on a Book Account (No. 21, March Term, 1910). Affidavit of demand filed. Motion that judgment be refused notwithstanding the affidavit of demand.

BOYCE, J., delivering the opinion of the Court:

This action was brought by C. J. Toerring Company *vs.* R. E. Moore Company to the present term of this Court. Counsel for the defendant moved that judgment be refused notwithstanding the plaintiff's affidavit of demand. It does not appear from the title of the suit whether the plaintiff is a corporation. In the affidavit the deponent said, among other things, "that he is

treasurer of the corporation, the plaintiff above named;" but nowhere on the record, or in the affidavit, is the State or country of the creation of any such corporation indicated. Counsel for the defendant contended that the plaintiff should have indicated, either in the title of the suit, or in the affidavit, the State or country under the laws of which the plaintiff was created. The place of the creation of a plaintiff corporation need not be indicated at the time the suit is instituted, but if not done then, it must be shown later in the plaintiff's declaration. We think before judgment should be granted to a plaintiff corporation, at the first term of Court, upon an affidavit of demand, the fact that the plaintiff is a corporation and the place of its creation should appear either in the title of the suit or in the affidavit of demand made by the person authorized to make such affidavit; for the reason that the record of the suit by the entry of the judgment on the affidavit of demand would be ended, but such record would be incomplete in that it would fail to show the State or country under whose laws the corporation was created. *Chapter* 106, *Sec.* 6, *Revised Code* (1893) *P.* 791, provides as follows: "And in any action by or against any corporation it shall not be necessary for the plaintiff on the trial to prove the incorporation and existence of such corporation, but the same shall be taken to be admitted *as alleged on the record* unless the defendant," etc. This statute seems to indicate that the place of the creation of the corporation should appear somewhere on the record of the case.

We therefore refuse judgment, notwithstanding the plaintiff's affidavit of demand.